UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| MAGDALINA KALINCHEVA M.D., | ) |  |
|---|---|---|
| Plaintiff, | ) |  |
| v. | ) | Cause No.: 2:13-cv-00416-PPS |
| JESSE NEUBARTH, | ) |  |
| Defendant. | ) |  |

**OPINION AND ORDER**

This matter is before the Court on the application of pro se Plaintiff, Magdalina Kalincheva, to proceed in forma pauperis [Docket Entry ("DE") 2] filed on November 15, 2013. For the following reasons, the motion to proceed in forma pauperis is denied and this case is dismissed.

In order to adjudicate a case, this Court must be able to lawfully exercise jurisdiction over the parties and the subject matter of the case. As explained below, I cannot exercise either in this case. Furthermore, the federal in forma pauperis statute, of which Kalincheva attempts to avail herself, is designed to insure that indigent litigants have meaningful access to the federal courts. *Adkins v. E. I. Du Pont de Nemours & Co.*, 335 U.S. 331, 342 (1948). The statute allows a litigant to pursue a case in federal court without paying fees and costs, provided the litigant submits an affidavit asserting an inability "to pay such fees or give security therefor," *and* the action is neither frivolous nor malicious. 28 U.S.C. § 1915. This access is not meant to be unlimited. In this circuit I must make preliminary determinations regarding the prospective litigant's indigence and the frivolousness and maliciousness of the complaint. If the action is frivolous, I must deny leave to proceed in forma pauperis. I must also dismiss the case if, at any

time, I determine the action is frivolous, malicious, or fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(a) and (e); *Smith-Bey v. Hospital Adm'r*, 841 F.2d 751, 756-57 (7th Cir. 1988). At the preliminary stages of litigation, a complaint is frivolous "only '"if the petitioner can make no rational argument in law or facts to support his claim for relief."'" *Smith-Bey*, 841 F.2d at 757 (*citing Jones v. Miller*, 777 F.2d 1277, 1279 (7th Cir. 1985)).

Ms. Kalincheva has brought this action against her former husband, Jesse Neubarth. Neubarth resides in Bakersfield, California and Kalincheva resides in Stockton, California. Evidently, they were divorced in 1992. Nothing in the complaint or the attached exhibits gives any indication that the parties or the case have any connection to Indiana.

In terms of substance, the complaint is difficult to understand. The caption of the case identifies the case this way:

> Instant Action to be off Food Stamps 2007381
> **COMPLAINT BREACH OF I-864**
> **AFFIDAVIT OF SUPPORT TO**
> **COMPEL INSTANT ACTION OF**
> **I-864 ENFORCEMENT REQUIRED**
> **CRIMINAL TRIAL RESTITUTION**
> **RESTORATION FORFEITURE OF**
> **ALL HIS ASSETS MARRIAGE FOUR**
> **CHILDREN BY PLAINTIFF**

Kalincheva first claims that Neubarth was required to provide for her based on an immigration form that he evidently signed. The complaint then goes on to make a series of bizarre claims. Here is a sampling of the allegations: "stolen life 88 years, grand thefts Grave risk harm Extreme egregious damages since 1991, murder attempts since 2011 illegal false 'UD' acts, 44 murders of my children/grandchildren/KingGeorge/myparents"; "wrongfully all my dating profiles were deleted then and all through the years"; "I was illegally abducted by 'police' created mental

record under duress to steal what is left from my life (was not enough for them 22 years 44 murders) sending 'burglars' every day to jump over to scare me . . ." (the connection to Neubarth is again unclear); uninhabitable living conditions caused by Neubarth (Neubarth allegedly "had one very large palm size cockroach as a pet by mail order and was placing it in my bed to suck my blood and while we were married. . . . After he moved [Neubarth] is still bringing large cockroaches from Bakersfield"); problems with Kalincheva's divorce from Neubarth in 1992, and the resulting division of property (with the possible, but unclear, assertion of claims against individuals other than Neubarth); "wrongful employment," which seems to mean an unidentified party's failure to employ Kalincheva despite her qualifications; something about burning "fine art paintings"; and stock market losses attributable to Neubarth's not buying a computer. Complaint at 6, 8, 9, 30, 33, 34, 42, 45.

Kalincheva seeks $300,000,000 in damages for some of her claims and separately demands $940,000,000,000 for "illegal false 'UD' acts and stolen last four fertility years" since 2011. She also seeks a "Penalty $5 billion per day since June 01, 1992." She also seeks "every penny [Neubarth] has and will make in the future is rightfully mine I to start a Life." She also seeks the restoration of her "fertility." And finally, she seeks the "death penalty" for four attorneys who wronged her. Complaint at 30, 31, 37, 38, 39.

Kalincheva has filed substantially similar pleadings in at least eleven other cases in at least five other jurisdictions. *See Kalincheva v. Neubarth*, C.A. No. 12-2231 (Aug. 27, 2012 E.D. Cal.); *Kalincheva v. Neubarth*, C.A. No. 13-384 (Feb. 20, 2013 S.D. Cal.); *Kalincheva v. Neubarth*, C.A. No. 13-1391 (Jul. 12, 2013 E.D. Cal.); *Kalincheva v. Neubarth*, C.A. No. 13-1601 (Aug. 2, 2013 E.D. Cal.); *Kalincheva v. Neubarth*, C.A. No. 13-1676 (Aug. 14, 2013 E.D.

3

Cal.); *Kalincheva v. Neubarth*, C.A. No. 13-3212 (Jul. 11, 2013 N.D. Cal.); *Kalincheva v. Neubarth*, C.A. No. 13-3294 (Jul. 15, 2013 N.D. Cal.); *Kalincheva v. Neubarth*, C.A. No. 13-789 (Apr. 3, 2013 S.D. Cal.); and *Kalincheva v. Neubarth*, C.A. No. 13-1046 (May 1, 2013 S.D. Cal.); *Kalincheva v. Neubarth*, Case No. CIV-13-963 (Sept. 9, 2013 D. Okla.); *Kalincheva v. Neubarth*, C.A. No. 13-40110 (Sept. 10, 2013 D. Mass.).

The complaint must be dismissed because (a) this Court lacks personal jurisdiction over Neubarth, (b) this Court lacks subject matter jurisdiction over the case, and (c) the complaint is frivolous and fails to state a claim upon which relief can be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

While I would normally thoroughly review all of the legal requirements for jurisdiction and walk through a full analysis of state and federal long-arm jurisdiction, such a complete review is unnecessary and impossible in this case, because Kalincheva makes no allegations of any connection to Indiana anywhere in the Complaint; a text search of the complaint for the word "Indiana" is fruitless, save for one case citation included for the facts of the case, which involve an immigration Affidavit of Support. Complaint at 11. There are no connections with Indiana to examine, because none are alleged. Asserting jurisdiction over Neubarth with such a complete lack of connection would violate the Due Process Clause of the Fourteenth Amendment. *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 413-14 (1984); *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945). Not only does Kalincheva make no allegations involving Indiana, to the extent facts can be discerned from the rambling 48-page complaint, she and Neubarth have both lived in California continuously since 1991 and none of the events or facts at issue touch Indiana in the slightest. I therefore must dismiss this

4

case for want of personal jurisdiction, and because the facts demonstrate that no amendment can be made that will allow the assertion of personal jurisdiction.

It also appears that subject matter jurisdiction is missing. Federal courts have jurisdiction only when authorized by the Constitution or by statute. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). The two basic forms of federal jurisdiction are diversity and federal question. Diversity jurisdiction under 28 U.S.C. § 1332 requires that each plaintiff be diverse in citizenship each defendant, and the amount in controversy exceed $75,000. Federal question jurisdiction under 28 U.S.C. § 1331 requires that the complaint (1) arise under the federal Constitution or federal law, (2) be a "case or controversy" under Article III, § 2, or (3) be authorized under a jurisdictional statute. *Baker v. Carr*, 369 U.S. 186, 198 (1962).

As discussed above, every indication is that both Kalincheva and Neubarth are residents and citizens of California. The Court therefore lacks diversity jurisdiction over this matter.

The closest Kalincheva comes to a possible rational argument for a claim is her reference to a breach of contract related to immigration Form I-864, an Affidavit of Support that a sponsor signs on behalf of someone seeking to immigrate to the United States. At first glance it appears that this may be a viable federal claim in some federal court (although not this one, as discussed above). But Kalincheva has already had this specific claim rejected by the Eastern District of California. *Kalincheva v. Neubarth*, C.A. No. 12-2231 (Aug. 27, 2012 E.D. Cal.). In that case, the court explained that the immigration form carrying contractual obligations to the government and to the sponsored immigrant, and therefore conveying a private right of action, was created pursuant to the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 (the "IIRIRA"). Plaintiff married Defendant in 1991, they divorced in 1992, and the Affidavit of

5

Support that Neubarth signed for Kalincheva (attached to the complaint in this case) is a version of the I-134 last revised on 12-1-84, per the Form. *Kalincheva v. Neubarth*, C.A. No. 12-2231, Findings and Recommendations filed Oct. 25, 2012; Complaint at 31, 44, 47; DE 1-1 at 3. "That I-134 form did not carry with it the same contractual obligations imposed by the I-864 Form, and thus '"the contractual obligations imposed by the IIRIRA on an affidavit of support made on an I-864 Form do not attach to affidavits of support made on an old I-134 Form."'" *Kalincheva v. Neubarth*, C.A. No. 12-2231, Findings and Recommendations filed Oct. 25, 2012 at 5-6; *see also, e.g.*, *Rojas-Martinez v. Acevedo-Rivera*, 2010 U.S. Dist. LEXIS 56187, at *9 (D.P.R. June 8, 2010) ("[I]t has been held that Form I-134 is not a binding contract between the parties; thus, Plaintiff, the sponsored immigrant, cannot enforce its terms.") (collecting cases); *Tornheim v. Kohn*, 2002 U.S. Dist. LEXIS 27914, at *11 (E.D.N.Y. Mar. 26, 2002) ("[T]he contractual obligations imposed by the IIRIRA on an affidavit of support made on an I-864 Form do not attach to affidavits of support made on an old I-134 Form."). Because the Form that Neubarth signed does not convey a private right of action, Kalincheva's claim based on the Form does not arise under federal law, and this Court therefore lacks jurisdiction.

As for Plaintiff's various claims related to her marriage and divorce, which comprise the rest of the claims, I will decline to exercise supplemental jurisdiction over them. "Divorce and domestic relations are areas of the law solely within the province of the state courts, and federal courts repeatedly have declined to assert jurisdiction over divorces that presented no federal question." *Patel v. Heidelberger*, 6 Fed. Appx. 436, 438 (7th Cir. 2001) (internal citations omitted). Because I cannot exercise diversity or federal question subject matter jurisdiction, I must dismiss the case on that ground, as well.

6

I will add that even if I had jurisdiction over this case, I would dismiss it under 28 U.S.C. § 1915(e)(2)(B)(I) and (ii) because the complaint is frivolous, malicious, and fails to state a claim on which relief may be granted. Sometimes, complaints are so wacky that they show that the person filing it is simply delusional. *Gladney v. Pendleton Corr. Facility*, 302 F.3d 773, 774 (7th Cir. 2002); *Lawrence v. Interstate Brands*, 278 Fed. Appx. 681, 683-84 (7th Cir. 2008); *Holland v. City of Gary*, 503 Fed. Appx. 476, 477-78 (7th Cir. 2013). Unfortunately, this is one of those cases. For the reasons discussed above, Plaintiff's allegations are frivolous and must be dismissed.

For the foregoing reasons, Plaintiff's complaint is **DISMISSED FOR WANT OF JURISDICTION.** Plaintiff's motion to proceed in forma pauperis is **DENIED** (DE 2), and her various other motions and filings (Ex Parte Motion to Proceed IFP to Waive all Costs and Local Rules [DE 3], Ex Parte Motion for Permission for Electronic Case Filing [DE 4], Ex Parte Motion for Change of Venue [DE 5], Ex Parte Motion for Order that Defendant be Served by Notice of Electronic Filing [DE 6], Notification of Complexity of Civil Case [DE 7], Motion for Official Service of Process by U.S. Marshall [DE 8], and Ex Parte Motion Request for Writ of Possession [DE 9]) are therefore **DENIED AS MOOT**. The clerk shall treat this civil action as **TERMINATED**.

 **SO ORDERED**.

 ENTERED: November 21, 2013

          /s/ Philip P. Simon
          PHILIP P. SIMON, CHIEF JUDGE
          UNITED STATES DISTRICT COURT